Mr. Justice Richardson
delivered the opinion of the court:
In the case of Rabone vs. Williams, (1 Term 356,) Lord Mansfield says, “ where a factor dealing for a principal, but concealing that principal, delivers goods in his own name, the person contracting with him has a right to consider him, to all intents and purposes, as the principal; and though the real principal may bring an action, yet the purchaser may set off any claim he may have against the factor.” This has been long settled. In the case of Mauri vs. Heffernan, (13 Johnson, 58,) it is decided, *200 that to excuse the agent, he should have communicated his agency. See also Strange, 1182, and 2 Campbell, 24 and 341, where the same rule is fully recognized. — - Without such a rule, the opportunity of committing frauds would be infinite, and the greatest caution in contracts, utterly vain. For instance, a country trader, who had purchased goods of a respectable and responsible merchant, upon discovering that they were unsound, might be turned over for his remedy to an unknown foreigner. \ A citizen who purchased a horse in the same situation, might he sent to Kentucky for the restoration of his money, tho’ he had contracted with a livery stable keeper, resident here. A foreign trader who has purchased our produce, upon the character of an established factor, or other vendor of known responsibility, might be referred to an insolvent debtor.
Dunlein 8? Campbell, for the motion.
Hamilton 8,' Petigru, contra.
It cannot be doubted that strangers coming to purchase of us, will not only deal more readily, but give even higher prices to known factors, because of their responsibility, And such a reliance is a part of the contract/ not to be trifled with. The rule then, that every man is liable upon, his own contracts, unless he let the opposite party know that he is a mere agent for another, must he preserved. Men depend upon those with whom the contract is made 5 and are not to be supposed as confiding in mere strangers, To say that the authority of a factors employment is of itself notice to a purchaser, would be too unsafe. Factors of every description often sell for themselves. With our factors, selling rice or cotton, it is often that they are the planters, and may be speculators in the produce too.
The motion therefore is granted.